**QIFENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2056–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Qifeng Lin, a citizen of the People's Republic of China, seeks review of an April 6, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Qifeng Lin*, No. A96 332 067 (B.I.A. Apr. 6, 2006), *aff'g* No. A96 332 067 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S.*

*Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Here, the IJ found Lin incredible in substantial part based on an inconsistency between (1) Lin's testimony that he added his adopted daughter to his household registry in person shortly after he brought her home in October 1993, (2) his testimony that he left China in April 2003 and (3) the household registry he submitted, which indicates that his daughter was registered to his household in October 2003, after he departed China. However, substantial evidence does not support this determination where Lin explained that a new household registry was created in October 2003 following a redistricting census. There is nothing in the record to indicate that the new registration booklet, issued on October 13, 2003, would reflect the original date on which Lin's daughter, or anyone else, was originally part of his household. Further, Lin's testimony is corroborated by the document itself, which indicates that its issue date was October 31, 2003, and that Lin, his wife and both his children were all registered on that date.

Substantial evidence also does not support the IJ's finding implausible that (1) local authorities would have allowed Lin to keep his rubber factory or his home because he failed to pay his fine and (2) Lin would be able to sell his business to his brother while in hiding. These findings are speculative, and not based on any record evidence, particularly when the IJ failed to address Lin's explanation that he was able to sell his business while in hiding because little paperwork is involved in transferring ownership of a business in his village.

Furthermore, while a failure to corroborate may, on its own, lead to a claim's denial based on insufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibil-

ity determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Before denying an applicant's claims based solely on lack of corroboration, moreover, an IJ must first identify any missing evidence and then explain why it was reasonably available to the applicant. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003).

The IJ here noted that because Lin testified in a contradictory manner concerning when he registered his daughter into his household, he was required to provide additional documentation to rehabilitate his testimony. She found that Lin had failed to provide sufficient corroboration to prove that (1) he had ever owned land or a rubber company, (2) he was the legal parent of two children or (3) his wife was infertile. However, as shown above, the IJ's determination that Lin's testimony was incredible was not supported by substantial evidence. Accordingly, her finding that he required additional documentation cannot be the only basis to deny his claims, especially when she did not address whether the documents she identified were reasonably available to him or address Lin's testimony as to why some of the documents were not available.

Therefore, because the IJ's adverse credibility determination and corroboration finding are flawed, substantial evidence does not support the IJ's conclusion that Lin failed to provide credible evidence demonstrating past persecution or an objective fear of future persecution. Finally, we note that in his brief to the Court, Lin did not challenge the J's finding that he failed show eligibility for CAT relief. Accordingly, these issues are deemed to be waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons the petition for review is GRANTED. The pending motion for a stay of removal in this petition is DENIED. The pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).